IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANNETTE CUMMINGS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-1868 |
| INTERNATIONAL UNION, SECURITY, POLICE, AND FIRE PROFESSIONALS OF AMERICA, LOCAL 555, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| ANNETTE CUMMINGS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-1869 |
| MVM, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Annette Cummings ("plaintiff" or "Cummings") has filed a *pro se* Complaint alleging breach of her employment contract by defendant MVM, Inc. ("MVM"), her former employer, and International Union, Security, Police and Fire Professionals of America and its Local No. 555 ("SPFPA"), her union representative, and certain named agents of these

entities.  (ECF No. 1.)  Originally filed as two separate Complaints, the cases were consolidated on June 13, 2016.  (ECF No. 4.)

Now pending before this Court are two Motions to Dismiss.  SPFPA and Gordon Gregory have filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("SPFPA's Motion").  (ECF No. 12.)  MVM and Dario Marquez have filed a Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules ("MVM's Motion").  (ECF No. 31.)[1]  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below, SPFPA's Motion (ECF No. 12) is GRANTED, and MVM's Motion (ECF No. 31) is also GRANTED.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  The facts giving rise to plaintiff's Complaint were previously set forth in this Court's Memorandum Opinion dated June 28, 2016 (RDB-16-216, ECF No. 36) and are repeated in part below:

> "At some point prior to July 7, 2015, Plaintiff Annette Cummings was terminated from her employment at MVM, Inc., a private security contractor, after an allegedly unintentional discharge of her firearm.  Cummings subsequently filed an unfair labor practice charge with her local chapter of Defendant National Labor Relations Board—Region 5—on July 22, 2015.
> …
> After conducting an investigation of Plaintiff's allegations, the Regional Director of Region 5 concluded that neither charge had the requisite evidence to proceed to prosecution. The Regional Director accordingly notified Cummings of

---

[1] Ms. Cummings has also filed a series of motions, unrelated to the pending dispositive motions, which are also ripe for the Court's resolution.  (ECF Nos. 18, 24, 27, 28, 30, 36, 38, 42, and 43.)  In light of the result reached herein, however, these motions are DENIED AS MOOT.

> the dismissals of Board Case Nos. 05-CA-159905 and 05-CB-156648 on October 27 and 28, 2015, respectively. Cummings subsequently appealed both dismissals to the General Counsel of the Board. The General Counsel denied the appeals after a review "did not disclose that either [MVM or the Union] violated the [National Labor Relations] Act." On December 2, 2015, Plaintiff sought reconsideration of the denial, but the General Counsel again denied her appeals. Specifically, the General Counsel stated that the "decision to discipline [the Plaintiff] was based solely on the firearm incident." Neither MVM nor the Union was deemed to have violated the Act for their alleged actions.

*Cummings v. Nat'l Labor Relations Bd.*, No. RDB-16-216 (ECF No. 36), 2016 WL 3523573, at *4 (D. Md. June 28, 2016) (internal references omitted). After this Court dismissed Cummings' claims against the National Labor Relations Board ("NLRB"), Cummings filed several motions, including a Motion for Reconsideration, challenging the dismissal. These motions were denied on October 19, 2016. (RDB-16-216, ECF Nos. 55, 56.)

The case now pending before the Court is based on the same underlying facts, but seeks relief against different parties.

## STANDARDS OF REVIEW

### I.     Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With

respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). Consequently, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S.Ct. 1937, 1949 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). The facts of this case were set forth fully in this Court's Memorandum Opinion of June 28, 2016. *See Cummings*, 2016 WL 3523573, at 2-3.

## ANALYSIS

### I.     Dismissal Pursuant to Rule 12(b)(1)

SPFPA argues that this Court lacks subject matter jurisdiction over this case, as SPFPA is an unincorporated labor union which, under *United Steelworkers of Am., AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145, 153, 86 S. Ct. 272, 276, 15 L. Ed. 2d 217 (1965), is not subject to diversity jurisdiction. (ECF No.12-1 at 3.) While SPFPA further asserts that Cummings "does not attempt to base jurisdiction on a federal question," SPFPA's own brief acknowledges that the *pro se* plaintiff's Complaint might be construed liberally as alleging a breach of the union's duty under the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 185.  (*Id.* at 4, 8.)  As claims brought pursuant to the LMRA undoubtedly involve a federal question and are thus within this Court's subject matter jurisdiction, SPFPA's Motion to Dismiss will be denied insofar as it challenges this Court's subject matter jurisdiction.

## II.   Dismissal Pursuant to Rule 12(b)(6)

In her original Complaint, Cummings recounted the facts giving rise to her termination and alleged that: "[t]he employer and/or labor union did not follow the progressive disciplinary rules and regulations policy.  My rights was [*sic*] denied as well as violated.  I fill [*sic*] that I was unfairly treated and totally discriminated against."  (ECF No. 1 at 7.)  In the letter accompanying her *pro se* Complaint, Cummings further alleged that the NLRB, MVM, and SPFPA "violated [her] rights under the National Labor Relations Act, and breached of an employee' contract," [*sic*] by failing to complete a thorough investigation of her termination.  (ECF No. 1-2 at 1.)  In her supplement to the Complaint, Cummings again recounted the facts resulting in her termination, and faulted the NLRB for failing to properly investigate her claims.  (ECF No. 14.)

This Court has previously dismissed with prejudice plaintiff's Complaint against the NLRB.  *Cummings v. Nat'l Labor Relations Bd.*, No. RDB-16-216 (ECF No. 36), 2016 WL 3523573 (D. Md. June 28, 2016).  To the extent that those allegations form the basis of the Complaint now before the Court, plaintiff's Complaint must be dismissed.

Plaintiff fails, moreover, to state with any specificity what conduct by SPFPA, MVM, or their agents which might allow her purported breach of contract and/or statutory claims to survive dismissal.  Plaintiff already has been advised by the Court that in order to survive dismissal, she needed to "describe how each Defendant is involved in this matter; and

provide dates for the alleged conduct." (ECF No. 4 at 3.) Having failed to provide any additional details regarding defendants' alleged misconduct, plaintiff's Complaint is DISMISSED WITH PREJUDICE.[2] Accordingly, SPFPA's Motion to Dismiss (ECF No. 12) is GRANTED and MVM's Motion (ECF No. 31) is GRANTED.[3]

## CONCLUSION

For the reasons stated above, SPFPA's Motion (ECF No. 12) is GRANTED; MVM's Motion (ECF No. 31) is GRANTED; Cummings' Motions (ECF Nos. 18, 24, 27, 28, 30, 36, 38, 42, and 43) are DENIED AS MOOT; and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.

Date:  November 18, 2016                    _____/s/_____
                                             Richard D. Bennett
                                             United States District Judge

---

[2] The Court also notes that even if plaintiff stated a plausible claim under the Labor Management Relations Act, it would still be barred by the six month statute of limitations under Section 301 of the LMRA. *See Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983).

[3] In light of the result reached herein, the Court need not reach defendants' other arguments in support of dismissal.